# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **LANCE BISHOP STEGLICH**, | ) |
| Petitioner, | ) Case No. 7:06CV00055 |
| v. | ) **OPINION** |
| **UNITED STATES OF AMERICA**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Respondent. | ) |

*Lance Bishop Steglich, pro se*

The petitioner, a federal inmate, brought this action by submitting a pleading that the court construed and conditionally filed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). The petitioner now states that he does not intend his pleading to be construed as a § 2255 motion and because I find no other authority under which he is entitled to the relief he seeks, I will dismiss the action without prejudice.

I. Background.

Steglich pleaded guilty on January 10, 2001, to conspiracy to possess with intent to distribute crack cocaine. On May 3, 2001, the petitioner was sentenced to

200 months imprisonment. Steglich appealed, and the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment on November 21, 2001. Steglich signed the present motion on February 8, 2006. In the motion, Steglich contends that coercion, conflicts of interest, and bad faith tainted the criminal proceedings against him; that defense counsel provided ineffective assistance in failing to address the coercive conduct of the government and failing to review a "crucial file," leaving petitioner unable to confront evidence; that a prior uncounseled conviction was improperly used to enhance petitioner's sentence; that the indictment failed to set forth all elements of the offense; that drug quantity was not stipulated to by the defendant or determined by a jury beyond a reasonable doubt; that the government manipulated the charging instrument to encompass additional punishment in the form of forfeiture; that the government's charging practices constitute race discrimination; that individuals fraudulently represented the plea agreement to petitioner; that the court improperly participated in the plea bargaining process; and that the government breached the plea agreement.

As stated, the court conditionally filed the pleading as a § 2255 motion, notified Steglich that the motion appeared to be untimely under paragraph 6(1) of that statute, and directed Steglich to provide any additional information on timeliness. In response to the conditional filing order, Steglich asserts that the court should not have

construed his submissions as an initial § 2255 motion.  Steglich styled his initial pleading as "An Independent Action Motion for Reconsideration Habeas Corpus" and cited numerous statutes as purported authority for the court to invalidate the challenged conviction and sentence:

> Writ of Error Coram Nobis, Title 28, Section 1651(a) [the All Writs Act]; Habeas Corpus, Title 28, Section 2255 or 2241; Federal Rules of Procedure, Rule 60(b) (1) thru (6); Federal Question, 28 U.S.C. 1331; Motion for Declaratory Judgment, 28 U.S.C. 2201; . . .

(Initial Pleading at 1).  Steglich also declares that he is entitled to relief from his federal criminal conviction pursuant to the state constitutions of Maryland and Virginia, because he is a resident of Maryland who was prosecuted for federal crimes in Virginia.  In addition, he argues that the court may fashion a remedy under its equity jurisdiction and grant him a preliminary injunction declaring his conviction invalid.

## II.  Analysis.

Because Steglich did not expressly entitle his initial pleading as a § 2255 motion and now clearly states that he did not intend to file such a motion, I will dismiss the § 2255 case without prejudice to his opportunity to file a first § 2255 motion at some later date.  *See Castro v. United States*, 540 U.S. 375 (2003).  I cannot

- 3 -

find, however, that Steglich is entitled to any relief relating to his conviction or sentence under any of the other authority that he cites. Therefore, I will dismiss the entire action without prejudice.

The ancient writ of coram nobis, brought under the All Writs Act, 28 U.S.C.A. § 1651 (West 1994), survives in the criminal law context as an "extraordinary remedy [to be allowed] only under circumstances compelling such action to achieve justice." *See United States v. Morgan*, 346 U.S. 502, 511 (1954). This writ was "traditionally available only to bring before the court factual errors 'material to the validity and regularity of the legal proceeding itself,' such as the defendant's being under age or having died before the verdict." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (citation omitted). Steglich does not present any material factual errors related to his criminal conviction and sentence.

Moreover, the All Writs Act is "a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* (quoting *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985)). The fact that a petitioner has foregone his opportunity to proceed under the intended statutory authority does not render the All Writs Act controlling authority for his claims of an illegal sentence. *See Carlisle*, 517 U.S. at 429 (holding

- 4 -

Case 7:06-cv-00055-JPJ-mfu   Document 5   Filed 05/03/06   Page 4 of 8   Pageid#: 27

that defendant could not bring motion for judgment of acquittal under § 1651 merely because he failed to bring a timely motion for judgment of acquittal under Fed. R. Crim. P. 29; Rule 29 remains the controlling authority for such motions). Section 2255 provides that a person in custody under a federal sentence may move the court to vacate, set aside or correct his criminal sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Clearly, § 2255 is the statutory vehicle designed for federal inmates pursuing a collateral attack on their convictions.

Steglich is in custody under a federal criminal sentence and all of his claims in the current action fall directly within the scope of claims cognizable under § 2255. Accordingly, § 2255 is the controlling authority for these claims. The fact that Steglich failed to file a timely motion under § 2255 raising these claims does not open the door for him to bring them as a petition for a writ of coram nobis under the All Writs Act instead. Accordingly, I find that Steglich is not entitled to relief under § 1651.

Steglich also fails to demonstrate any right to relief under 28 U.S.C.A. § 2241 (West 1994). This section provides authority for an inmate to file a petition in the

jurisdiction where he is confined, challenging the calculation of his term of confinement or raising other issues relating to execution of sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Steglich's claims seek to invalidate his conviction and sentence, however.[1] A district court may not entertain a § 2241 petition challenging the validity of a conviction or sentence unless a motion pursuant to § 2255 is "inadequate or ineffective" to do so. *Id.* at 333. A procedural impediment to relief under § 2255, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." *Id.* In the *Jones* decision, the Fourth Circuit held that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction when the inmate shows that:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333-34.

---

[1] Steglich declares that "continuing execution" of his sentence violates his constitutional rights such that he may bring his claims under § 2241. He does not, however, allege facts demonstrating that the Bureau of Prisons has miscalculated his term of confinement under the challenged sentence or made any other error concerning the manner in which it is executing his sentence of imprisonment.

- 6 -

Steglich cannot bring his current attack on the validity of his sentence or his conviction under § 2241. He does not present any change in the law subsequent to his direct appeal that deemed conspiracy to distribute crack cocaine not to be criminal conduct. Thus, he cannot meet the *Jones* standard. Because he does not show that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence, he may not bring his current claims under § 2241.

Finally, the other federal civil procedures, rules, and statutes, and the state constitutions that Steglich cites do not create any separate cause of action whereby a federal criminal defendant may attack the validity of his federal criminal conviction or sentence. I must dismiss all claims under these authorities without prejudice.

### III. Conclusion.

For these reasons, I will not address Steglich's claims under § 2255. Because I also find that Steglich is not entitled to relief under any of the legal authorities to which he cites, I will dismiss all of Steglich's claims without prejudice to his filing an initial § 2255 motion at some later date.[2]

A separate Final Order will be entered herewith.

---

[2] Nothing in this opinion, however, relieves Steglich of the obligation to demonstrate why any § 2255 motion he may later file in this court is timely filed.

ENTER: May 3, 2006

/s/ JAMES P. JONES
Chief United States District Judge